UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Swanson | Civil Action No. 6:15-cv-1746 |
| versus | Judge Dee D. Drell |
| Marine Surveys, LLC | Magistrate Judge Carol B. Whitehurst |

## **MEMORANDUM RULING AND ORDER**

Before this Court is a Motion fo Attorneys' Fees filed by Plaintiff, Eric Swanson. [Rec. Doc. 18]. In his Motion, Plaintiff requests attorneys' fees to which he is entitled in connection with the successful prosecution of this lawsuit, including prevailing on his Motion for Default Judgment. In its Final Default Judgment, *R. 14*, the District Court determined that the plaintiff is entitled to an award of reasonable attorneys' fees and costs. The matter of the amount of attorneys' fees and cost was referred to the undersigned on January 11, 2017 and was scheduled for oral argument on this Court's March 15, 2017 motion calendar. *R. 22, 23*. The Court finds that oral argument is not necessary.

Pursuant to the District Court's order, Plaintiff's counsel, J. Louis Gibbens, III, filed an affidavit of fees and costs with his Motion. Plaintiff's counsel, Jason Emile Fontenot, failed to file any such affidavit. On February 23, 2017, this Court ordered both attorneys to submit the proper documentation by March 6, 2017. *R. 24*. Both counsel complied with the Court's order. *R. 28.*

Review of the affidavits reveals that Plaintiff seeks a total award of $12,630.14 in attorneys' fees, representing 62.10 hours at a rate of $200.00 per hour, plus costs in the total amount of $210.14.

## ANALYSIS

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorney fees. *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994). Under the "lodestar" analysis, a two-step procedure is used. *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers, *Id.,* then multiplies the reasonable hours by the reasonable hourly rates. The product is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case assessing twelve relevant factors. *In re Fender*, 12 F.3d at 487. The twelve factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature

and length of the professional relationship with the client; and (12) awards in similar cases.

The Supreme Court has barred the use of the sixth factor – whether the fee is fixed or contingent, *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996), citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) – and has greatly limited the use of the second, third, eighth, and ninth factors, holding that the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation are presumably reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). "[E]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." *Walker v. U.S.*, 99 F.3d at 771–72.

The fee applicant bears the burden of proving the reasonableness of the number of hours expended on its prevailing claim. *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990). An applicant does not have the right to bill for time on issues on which he did not prevail. *Walker v. U.S.*, 99 F.3d at 769. The applicant must also submit adequately-documented time records to the court. *Watkins v. Fordice*, 7 F.3d

453, 457 (5th Cir. 1993). Using the time records as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. *Watkins v. Fordice*, 7 F.3d at 457. Hours that result from the case being overstaffed and hours that, although actually expended, are excessive, redundant, or otherwise unnecessary, should be excluded from the calculation. *Leroy v. City of Houston*, 906 F.2d at 1079. For example, the time of two or three attorneys in a courtroom or conference when one would do may be discounted. Finally, the court may reduce the fee award if the applicant fails to meet its evidentiary burden. *Johnson v. Georgia Highway Express*, 488 F.2d at 717.

In this case, the plaintiff seeks, $7,300.00 (36.5 hours at $200 per hour) for legal services performed by Mr. Gibbens and $5,120.00 (25.6 hours at $200 per hour) for the legal services performed by Mr. Fontenot. In support of the fee request, Mr. Gibbens and Mr. Fontenot supplied the Court with a detailed summary of the work they performed and the amounts charged, adequate to determine reasonable hours. A district court may reduce the number of hours awarded if the documentation is vague or incomplete. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d at 324.

Review of the detailed billing summaries provided by Mr. Gibbens and Mr. Fontenot leads the undersigned to conclude that the requested hours for the work performed are not excessive. It appears, however, that some of the work is

duplicative. The Court finds that 2.3 hours on each attorney's billing statement reflects duplicative charges and both attorney's hours were reduced to reflect the same amount billed for the same service. Accordingly, the Court will reduce each bill by 2.3 hours, i.e. Mr. Gibbons: 36.5 - 2.3 = 34.2 hours; Mr. Fontenot: 25.6 - 2.3 = 23.3 hours. In so doing, the Court finds that the billing statement are reasonable. Accordingly, the undersigned finds that 34.2 hours for Mr. Gibbens services and 23.3 for Mr. Fontenot's services should be awarded.

Next, reasonable hourly rates for the plaintiff's attorney must be determined. Attorneys' fees are to be calculated at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. at 895. A reasonable rate is the market rate. The "relevant community" for the purpose of awarding attorney fees is the judicial district in which the litigation occurred. *Conner v. Mid South Insurance Agency, Inc.*, 943 F.Supp. 663, 667 (W.D. La 1996) (citing *Blum v. Stenson*, 465 U.S. at 894).

In their affidavits, both counsel stated that their hourly billing rate for this client is $200.00 per hour.[1] A billing rate of $200.00 per hour in a maritime contract

---

[1] Examination of the jurisprudence of this district indicates the following hourly rates are reasonable: *Campbell v. Harold Miller, Jr. Trucking & Paving, LLC*, 2014 WL 6389567, at *2 (W.D.La.,2014) (rate of $250/ hour reasonable); *Cash v. Unocal Corp.*, 2014 WL 2980589 (W.D. La. May 27, 2014) ($200 reasonable hourly rate); *Leleux v. Assurance Co. of America*, 2012 WL 5818226, at *4 (W.D.La.,2012) (hourly rate of $262.00 per hour for plaintiffs' counsel and his colleague is reasonable); *Talen's Marine & Fuel, L.L.C. v. Con Dive, LLC*, 2011 WL 1595274, at *3 (W.D.La.,2011) ($175.00/hour reasonable); *Powell v. Hill*, 2008 WL 4933983, *5 (W.D. La. 2008) ($215.00/hour reasonable rate).

case has been previously approved by this court. The undersigned finds the requested rate of $200.00 per hour for services performed by Mr. Gibbons and Mr. Fontenot is reasonable.

In light of the above, the undersigned recommends that the fees be calculated as follows: J. Louis Gibbens: 34.2 hours at the reasonable hourly rate of $200.00, for a total of $6840; Jason E. Fontenot: 23.3 hours at the reasonable hourly rate of $200.00, for a total of $4660.00.

The parties have not argued that the *Johnson* factors mandate an enhancement of the lodestar amount. A listing of the factors and analysis of each factor as it applies in this case follows.

(1) Time and labor involved: The lodestar adequately compensates for the time and labor involved.

(2) Novelty and difficulty of the questions: There is no evidence that the facts or the underlying legal theories involved in this case were novel or overly difficult, and this factor is subsumed in the lodestar analysis.

(3) The skill required to perform the legal services properly: The hourly rate adequately compensates counsel for the level of skill required to handle this matter competently.

(4) Preclusion of other employment: There is no evidence to establish that the handling of this case precluded handling of other cases by the plaintiff's counsel, and this factor is subsumed in the lodestar analysis.

(5) Customary fee: In accordance with the foregoing analysis, the hourly rate sought in this case falls within a reasonable range.

(6) Fixed or contingent fee: This factor is not to be considered.

(7) Time limitations: There is no evidence that any extraordinary time limitations or onerous circumstances justify an upward adjustment.

(8) The time involved and the results obtained: This case was resolved on the plaintiff's motion for default judgment approximately a year and a half after the suit was filed; thus, the lodestar adequately compensates for this factor. Additionally, although judgment was rendered in the plaintiff's favor, the Supreme Court has greatly limited the use of this factor for enhancing a lodestar calculation.

(9) The experience, reputation, and ability of counsel: Mr. Gibbens and Mr. Fontenot enjoy the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor.

(10) The undesirability of the case: Although this type of litigation may involve undesirable situations, this factor is adequately compensated by the lodestar.

(11)  The nature and length of the professional relationship with the client:  No evidence has been presented regarding this factor.

(12)  Awards in similar cases:  There is no evidence that the award of fees sought herein exceeds the amount awarded in similar cases, to the contrary, in light of the above analysis, the award sought herein is entirely reasonable.

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993), citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  The undersigned finds that this is not such a case, and the lodestar requires no adjustment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for the recovery of reasonable attorney's fees and costs [Rec. Doc. 18], including Plaintiff's Supplemental Response, *R. 28*, is **GRANTED IN PART** and **DENIED IN PART**, and Defendant, Marine Surveys LLC, shall pay the sum of $11,500, representing the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action, **plus** the sum of $210.14, representing the costs and expenses incurred, for a **TOTAL SUM of $11,710.14**.

Signed at Lafayette, Louisiana, this 14th day of March, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE